IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  07-cv-02191-BNB

RAYMOND OECHSLE,

      Plaintiff,

v.

MR. VEACH, Warden USP Terre Haute, IN,
MR. THOMAS WEBSTER, USP Terre Haute, IN,
MR. STEVEN NAFZIGER, Chief Doctor ADX Florence, and
RON WILEY, Warden ADX Florence, Colorado,

      Defendants.

**F I L E D**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 0 2 2007

GREGORY C. LANGHAM
CLERK

_____

ORDER OF DISMISSAL

_____

On October 4, 2007, Plaintiff Raymond, a Colorado state prisoner, submitted to the Court a *pro se* Prisoner Complaint, a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, and a certified copy of his trust fund account statement.  The Complaint and the Motion and Affidavit were processed as a newly filed action, and Case No. 07-cv-02159-BNB was opened.

Subsequent to filing the Complaint in Case No. 07-cv-02159-BNB, on October 5, 2007, Plaintiff filed an Emergency Motion for Evidentiary Hearing/TRO Preliminary Injunction.  Inadvertently, the Clerk of the Court processed the Motion as a new action. Magistrate Judge Boland then ordered the instant case to be commenced and instructed Mr. Oechsle to cure the deficiencies in the action.

Plaintiff now has filed a request with the Court that the Emergency Motion be placed in Case No. 07-cv-02159-BNB as opposed to being processed as a new action.

Plaintiff asserts that Case No. 07-cv-02191-BNB was incorrectly initiated by the Court. The Court, therefore, will construe Mr. Oechsle's request as a Notice of Dismissal filed pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure. Rule 41(a)(1) provides that "an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment . . . ." No answer has been filed by Defendants in this action.

Further, a voluntary dismissal under Rule 41(a)(1) is effective immediately upon the filing of a written notice of dismissal, and no subsequent court order is necessary. *See* J. Moore, Moore's Federal Practice ¶ 41.02(2) (2$^d$ ed. 1995); *Hyde Constr. Co. v. Koehring Co.*, 388 F.2$^d$ 501, 507 (10th Cir. 1968). The Notice, therefore, closes the file as of October 26, 2007. *See Hyde Constr. Co.*, 388 F.2$^d$ at 507. Accordingly, it is

ORDERED that the Notice of Dismissal is effective as of October 26, 2007, the date Mr. Oechsle filed the Notice in the action. It is

FURTHER ORDERED that the Clerk of the Court shall file a copy of the Emergency Motion for Evidentiary Hearing/TRO Preliminary Injunction in Case No. 07-cv-02159-BNB.

DATED at Denver, Colorado, this _1_ day of ____Nov.____, 2007.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-2191-BNB

Lee Eldon Woodring
Reg.  No.  53700
PO Box 777
Canon City, CO 81215-0777

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on _Nov. 2, 2007_

GREGORY C. LANGHAM, CLERK

By:_____
Deputy Clerk